IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUDITH A. LEHMAN,

                Plaintiff,                  OPINION AND ORDER

v.                                                  09-cv-288-slc

TEAMSTERS RETIREE HOUSING OF
JANESVILLE, WISCONSIN, INC.,

                Defendant.

---

In this civil action for monetary relief, plaintiff Judith Lehman contends that defendant Teamsters Retiree Housing of Janesville, Wisconsin, Inc. failed to pay her for wages and overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §§ 201 *et seq.*, and Wisconsin minimum wage laws, Wis. Stat. §§ 104.001 *et seq.* Teamsters contends that Lehman's wage and overtime claims should be dismissed because Teamsters is not a covered enterprise under 29 U.S.C.A. § 203(s)(1) and Lehman is not a covered individual under 29 U.S.C.A. § 207(a)(1). Lehman asserts that she is a covered individual because she "engaged in commerce" as the on-site manager for a fifty-unit apartment building. Now before the court are the parties' cross motions for summary judgment. *See* Dkts. 11 and 42. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and the parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c)(1). Dkt. 7.

For the reasons discussed below, I am granting defendant's motion for summary judgment in part and dismissing plaintiff's federal law claim. I decline to exercise supplemental jurisdiction over plaintiff's state law claim. This has the effect of rendering plaintiff's own motion for summary judgment academic and I am denying it on that basis.

From the parties' proposed findings of fact, I find the following facts to be material and undisputed:

UNDISPUTED FACTS

Plaintiff Judith Lehman was hired by defendant Teamsters Retiree Housing of Janesville, Wisconsin, Inc. in June of 2007 as the on-site manager for Teamster's housing facility, Teamster Manor. Judith Lehman and her husband, Thomas Lehman, signed an employment agreement with defendant prior to her employment. Her employment ended in October 2008. Teamsters is a Wisconsin corporation engaged in the business of renting apartments at Teamster Manor in Janesville, Wisconsin to tenants who are at least sixty-two years old or disabled.

Lehman's job duties included various administrative tasks, such as arranging apartment showings for prospective tenants, answering telephones, scheduling maintenance appointments, processing and filing work orders, preparing for inspections and assembling paperwork for tenants' annual Housing and Urban Development (HUD) recertification. Lehman was not certified to make HUD recertification submissions; however, she collected and assembled tenants' recertification paperwork and submitted it to Sommers Management. This process sometimes required Lehman to contact a tenant's bank for information. (The parties dispute how many times over the course of 16 months that Lehman had to contact a bank. Teamsters asserts that this occurred once a month, and Lehman contends that it could be as many as eight times in a month.) The tenants' banks were not necessarily located out-of-state; in fact, there are no facts showing that *any* banks were located out-of-state.

Plaintiff accepted inquiries from prospective tenants located in other states, including Illinois, Florida and Texas. Plaintiff sent these individuals informational packets vial U.S. mail.

2

(Although the parties dispute how many out-of-state contacts plaintiff made in the course of her duties, plaintiff testified that she made "quite a few.")

Lehman completed all of the above tasks in her office located at Teamster Manor. However, Lehman's duties also included work outside of the office: showing apartments to prospective tenants; ensuring that maintenance people received work orders and completed their work; performing routine inspections of the apartments; and ensuring that both the inside and outside of Teamster Manor were clean and orderly. Lehman's employment never required her to travel outside Wisconsin.

Teamsters never affirmatively classified Lehman as an exempt employee under the FLSA. Teamsters's total annual aggregate of rents for Teamster Manor has never met or exceeded $500,000.

From when Lehman was hired in June 2007 until April 1, 2008, she received a salary of $1050.00 per month and Mr. Lehman received a salary of $200.00 per month. Beginning April 1, 2008 and until the end of her employment, Lehman received a salary of $1,100.00 per month.

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 322, 322-23 (1986). In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

3

242, 255 (1986). However, in order to avoid summary judgment, the non-moving party must supply sufficient evidence for each essential element of its case to allow a reasonable jury to render a verdict in his favor. *Kampmeir v. Emeritus Corp.*, 472 F.3d 930, 936 (7th Cir. 2007); *Sanchez v. Henderson*, 188 F.3d 740, 743 (7th Cir. 1999).

The mere existence of some alleged factual dispute is insufficient to defeat a properly supported motion for summary judgment. *Liu v. T & H Mach., Inc.*, 191 F.3d 790, 796 (7th Cir. 1999). "Factual disputes are 'material' only when they might affect the outcome of the suit under the governing law.'" *Borcky v. Maytag Corp.*, 248 F.3d 691, 695 (7th Cir. 2001) (quoting *Oest v. Il. Dept. of Corrections*, 240 F.3d 605, 610 (7th Cir. 2001)). "The nonmovant fails to demonstrate a genuine issue for trial '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

**II. Coverage Under the FLSA**

An employee covered by the FLSA is entitled to overtime compensation for any workweek longer than forty hours. 29 U.S.C. § 207(a)(1). The minimum wage provision of the FLSA, § 206(b), requires every employer to pay the minimum wage rate in effect under § 206(a)(1) to each employee covered by the FLSA. Contrary to Teamster's assertions, whether Lehman can claim protection under the FLSA relates to the merits of her claim, not to this court's subject matter jurisdiction. *Velez v. Vassallo*, 203 F. Supp. 2d 312, 330-32 (S.D.N.Y. 2002) (challenge that employer is not covered enterprise under FLSA is challenge to merits and

not subject matter jurisdiction); *see also Schleicher v. Salvation Army*, 518 F.3d 472, 478 (7th Cir. 2008) (employees' FLSA claims against employer properly dismissed under Rule 12(c) rather than Rule 12(b)(1)). To be covered under the FLSA, an employee must be (1) engaged in interstate commerce; or (2) engaged in the production of goods for commerce; or (3) employed by an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 203(s)(1) and 207(a)(1); *see also Tony & Susan Alamo Found. v. Sec. of Labor*, 471 U.S. 290, 295 n.8 (1985); *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006).

A covered enterprise is one that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(I)-(ii). The parties agree that Teamsters is not a covered enterprise under § 203(s)(1) because Teamsters's total aggregate annual rents is less than $500,000 and Teamsters is not engaged in commerce or the production of goods for commerce. Further, neither party asserts that Teamster Manor, a residential apartment complex, is a hospital or institution "primarily engaged in the care of the sick, the aged, or the mentally ill or defective," thereby making it subject to the FLSA. 29 U.S.C. § 203(s)(1)(B).

Instead, the parties dispute whether Lehman is a covered individual. An individual employee is covered under the FLSA if the employee is "engaged in commerce or in the production of goods for commerce," § 207(a)(1), regardless of whether the employer is a covered enterprise. *Chao v. A-One Med. Servs.*, 346 F.3d 908, 914 (9th Cir. 2003). The United States Supreme Court has established that the phrase "engaged in commerce" under the Act should be

5

"construed liberally to apply to the furthest reaches consistent with congressional action." *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959); *see also Reich v. Great Lakes Indian Fish and Wildlife Comm.*, 4 F.3d 490, 499 (7th Cir. 1993) (quoting *Alamo Found.*, 471 U.S. at 296); *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir. 1992) ("[T]he FLSA should be given a broad reading, in favor of coverage."). In making this determination, courts must focus on "the activities of the employee[] and not on the business of the employer." *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. at 211. The FLSA does not specify an amount, percentage or volume of activity required for either an employer or an employee to be considered "engaged in commerce or in the production of goods for commerce," and the Supreme Court has held that no *de minimis* rule applies. *Mabee v. White Plains Pub. Co.*, 327 U.S. 178, 181-82 (1946); *see also Mitchell v. Pilgrim Holiness Church Corp.*, 210 F.2d 879, 882 (7th Cir. 1954). Therefore, whether an employee is "engaged in commerce" under the FLSA "is determined by practical considerations, not technical conceptions" and the crucial test is "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Mitchell v. C. W. Vollmer & Co.*, 349 U.S. 427, 429 (1955).

Lehman first contends that she is entitled to individual coverage under the FLSA because Teamsters received federal funds through the HUD Section 8 Program. In support of her argument, she cites *Ferguson v. Neighborhood Housing Servs.*, 780 F.2d 549, 550-51 (6th Cir. 1986), in which the court held that federal subject matter jurisdiction existed under the FLSA where the defendant-employer admitted in its answer that it was an employer under the statute. *Id.* The court in *Ferguson* then indicated that it would have found the defendant to have been a covered

enterprise even if it had not admitted to being an employer covered under the FLSA. *Id.* at 551-52. The *Ferguson* court listed a number of factors relevant to its decision that the *employer* was "engaged in commerce," including the employer's significant involvement with the Neighborhood Reinvestment Corporation (NRC), an organization established by Congress to establish neighborhood housing service programs; the employer's involvement with other federal programs; and the employer's receipt of federal funds. *Id.* at 552.[1]

However, unlike in *Ferguson*, the issue in this case is whether Lehman is a covered individual under the FLSA, not whether Teamsters is a covered enterprise. An enterprise's receipt of federal funding is not determinative of whether an individual employee of that enterprise is covered under the FLSA. *Chacon v. El Milagro Child Care Center*, 2009 WL 2059910 at *7 (S.D. Fla. July 9, 2009) (nonprofit employer's receipt of Medicaid payments did not automatically subject employer to the requirements of the FLSA); *cf. Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1290, 1292 (M.D. Fla. May 18, 2005) (nonprofit employer not an enterprise under the FLSA despite receiving Medicare payments for its services; court also finds that plaintiffs are not engaged in commerce, grants summary judgment for defendant). Rather, an individual is covered if he or she engages in activities of interstate commerce, regardless whether the employer receives federal funding. Thus, Teamsters' receipt of federal funds from the HUD Section 8 Program does not exempt Lehman from showing that she is "engaged in the activities of interstate commerce."

---

[1] The court declined to find that defendant's employees were engaged in interstate commerce as a result of mailing reports across state limes because plaintiff had not supported this claim with evidence in the record. *Ferguson*, 780 F.2d at 552, n.4.

Lehman contends that she engaged in interstate commerce by accepting inquiries from out-of-state prospective tenants, mailing application packets to these prospective tenants and contacting tenants' banks in order to verify their assets for HUD recertification.[2]  As noted above, the parties dispute how frequently Lehman contacted tenants' banks.  However, this dispute is not material because Lehman has failed to adduce any evidence indicating how many of these banks, if any, were located out of state.  Without this information, Lehman cannot show that she was engaged in interstate commerce when she verified asset information for tenants.

That leaves Lehman's interstate communications with potential tenants. Lehman relies on her deposition testimony that she spoke with "quite a few" people from other states, and she specifically remembers prospective tenants from Illinois, Florida and Texas.  It is well established that an employee will be covered by the FLSA if the employee's engagement in activities in commerce, even though small in amount, is "regular and recurring." 29 C.F.R. § 776.3 (2009). Lehman cites several district court cases for the proposition that clerical employees who regularly use the telephone, facsimile and mail have consistently been found to engage in interstate commerce.  For instance, in *Harper v. Coates-Clark Orthopedic Surgery & Sports Medicine Center, LLC*, No. 05-166, 2006 WL 1319447, at *1 (M.D. Fla. May 15, 2006), the court denied the employer's motion for summary judgment because the employee had presented a genuine issue of material fact regarding whether she engaged in commerce pursuant to the FLSA by using the

---

[2]  In her own summary judgment motion, which was filed first and focuses on how broad, deep and time-consuming her job duties were, Lehman does not mention any routine or regular activities that necessarily would involve regular or routine interstate communication.  *See* Plaintiff's Proposed Findings of Fact in Support of Plaintiff's Motion for Summary Judgment, dkt.  at  ¶¶ 11, 12, 14, 16, and 17.  Of course, Lehman's motion is based on hours worked, not what she did, so it's a minor point but one at least worth noting in passing.

telephone and facsimile daily to send and receive information out of state. *Id.* at *3, quoting 29 C.F.R. § 776.10(b) (2005).[3] Similarly, in *DeArment v. Curtins, Inc.*, 790 F. Supp. 868, 870-71 (D. Minn. 1992), the court denied the employer's motion for summary judgment because two of defendant's employees testified that they received about one to twelve phone calls each day from out-of-state callers, and one employee placed two or three telephone calls each day to an out-of-state client.

In short, the plaintiffs in both *Harper* and *DeArment* adduced specific, detailed evidence establishing that employee contacts with out-of-state parties—although small in relation to their other job duties—occurred on a daily basis. *Harper*, 2006 WL 1319447, at *1; *DeArment*, 790 F. Supp. at 870-71. In contrast, Lehman cites only vague, conclusory statements from her own deposition to refute Teamsters' contention that she is not a covered individual under the FLSA. By her own admission, Lehman received inquiries from an unspecified number of prospective tenants located outside of Wisconsin and rarely had to contact out-of-state banks for tenants' HUD recertifications during the sixteen months she worked for Teamsters. There is no

---

[3] This regulation provides that:

> Since 'commerce' as used in the act includes not only 'transmission' of communications but 'communication' itself, employees whose work involves the continued use of the interstate mails . . . [or] telephone . . . for communication across state lines are covered by the act. This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage. But if the employee, as a regular and recurrent part of his duties, uses such instrumentalities in obtaining or communicating information or in sending or receiving written reports or messages, or orders for goods or services, or plans or other documents across State lines, he comes within the scope of the act as an employee directly engaged in the work of 'communication' between the State and places outside the State.

indication that such communications occurred regularly, let alone approaching a daily or even a weekly basis, or that they constituted a regular part of Lehman's job duties.

Even under the intentionally broad reach of the FLSA, Rule 56 "demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite *specific concrete facts* establishing the existence of the truth of the matter asserted." *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983) (emphasis added); *see also Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 726 (7th Cir. 2004) ("We repeatedly have held that conclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment."). Notwithstanding her light burden on this point, Lehman has not adduced sufficient evidence with respect to the amount and nature of her alleged activities involving interstate commerce. Her job duties as an on-site manager for a residential apartment complex were primarily local in nature and consisted mostly–indeed, almost exclusively–of intrastate activity. The few instances in which Lehman contacted or was contacted by out-of-state parties over the course of sixteen months do not rise to the level of "regular and recurring" engagement in activities of interstate commerce and were not so "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it." *Mitchell*, 358 U.S. at 211.

In short, Lehman has failed to raise any genuine issue of fact that would allow a reasonable jury to infer that she "engaged in commerce or in the production of goods for commerce," making her a covered individual under the FLSA. Therefore, Teamsters is entitled to summary judgment on Lehman's FLSA claim. Perforce, there is no need to reach Lehman's

claim in her summary judgment motion that she performed more than 40 hours of work each week without receiving proper compensation.

### III. State Law Claim

Because I am granting Teamsters's motion for summary judgment on Lehman's federal law claim, I must consider whether it would be appropriate to proceed on Lehman's state law claim. Lehman does not suggest and the facts do not show that grounds exist for exercising diversity jurisdiction over the case. Therefore, the only ground for jurisdiction would be supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Under § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over state law claims when all of the federal claims have dropped out of the case. Although dismissal of the state law claim is not mandatory in every instance, the general rule is that "if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims," *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citing *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)), particularly if substantial federal resources have not been expended on the state law claim to date, *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994).

In this case, summary judgment is based on Lehman's failure to establish a nexus between her job and regular interstate work, a decision that has nothing to do with the heart of Lehman's overtime claim. I see no reason to retain jurisdiction over Lehman's state law claim.

ORDER

It is ORDERED that:

1. The motion for summary judgment filed by defendant Teamsters Retiree Housing of Janesville, Wisconsin, Inc. is GRANTED with respect to plaintiff Judith Lehman's FLSA claim.

2. Because I decline to exercise supplemental jurisdiction over plaintiff's state law claim, it is DISMISSED without prejudice to plaintiff's refiling the claim in state court pursuant to 28 U.S.C. § 1367.

3. The motion for summary judgment filed by Judith Lehman is DENIED as moot.

4. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 26th day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge